IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHANEL SUBER                  :        CIVIL ACTION
                              :
        v.                    :
                              :
METHODIST SERVICES            :        NO. 23-4334

MEMORANDUM

Bartle, J.                                        May 15, 2024

Plaintiff Chanel Suber brings several claims against her prior employer, the defendant Methodist Services.  She alleges racial discrimination, religious discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.  She also avers discrimination and retaliation on the basis of her disability under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.  Finally, her claims under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. §§ 951, et seq., allege racial discrimination, religious discrimination, disability discrimination, and retaliation.

Before the court is the motion of defendant to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted (Doc. # 11).

I

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); see also Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide "enough [factual allegations] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Id. at 570.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

II

Defendant is a community-based service provider for children and families in Philadelphia. On or about January 13, 2020, it hired plaintiff, an African-American Muslim woman, as a Family Support Specialist/Case Manager. In December 2021, defendant hired Barabra Anderson as Permanent Support of Housing Supervisor. Plaintiff began reporting to Anderson at that time.

Plaintiff asserts that Anderson began harassing her on or about January 13, 2022. Anderson issued her two oral warnings and issued written discipline on one occasion. Prior to issuing written discipline, defendant requires that a meeting take place between the employee, Human Resources, its administration, and a director. However, Anderson did not follow this protocol in reprimanding plaintiff. The complaint does not specify the nature of the harassment, the oral warnings, or the written discipline in January 2022.

On January 29, 2022, plaintiff requested to shift her schedule forward one hour, from 9 AM to 5 PM to 8 AM to 4 PM.

This was necessary to accommodate mental health therapy she was receiving.  Anderson initially told her that this schedule change would be approved.  However, Sandra Fernandez, Director of Residential Housing, later advised plaintiff that Anderson had denied the requested schedule change.

Plaintiff's husband died on February 28, 2022. Plaintiff promptly requested bereavement leave.  Before approving bereavement leave, defendant required that plaintiff provide a marriage certificate.  She responded that "although she did have the official paperwork, she did not need a marriage certificate to be considered married under her practice religious faith."  Defendant denied her request because plaintiff failed to provide her marriage certificate.  This denial forms the basis of plaintiff's claim of religious discrimination.  Since her request for bereavement leave was denied, plaintiff instead took unpaid personal leave on March 1 and 3.

Upon returning to work after the funeral on March 3, plaintiff alleges that Anderson "continued to give [her] a hard time about the way in which she conducted her job duties, as [Anderson] always had."  On the basis of these actions, plaintiff filed a charge of color and religious discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Resources Commission ("PHRC") on April

-4-

18, 2022.[1]  A copy of the charge is not attached to the complaint or otherwise made a part of the record.

Anderson continued to "give Plaintiff a hard time" and issue written discipline to her for purported insubordination. On May 19, 2022, plaintiff submitted a formal complaint to Tracie Chandler, defendant's Director of Human Resources and Quality Assurance.  As Chandler did not respond, plaintiff continued to file complaints with Human Resources until she received a response that the complaints were unfounded.

On June 22, 2022, plaintiff took worker's compensation leave after spraining her wrist at work.  Plaintiff alleges that initially defendant would not accommodate her leave and subsequent medical restrictions although it ultimately did so. On or about September 1, 2022, plaintiff returned to work with medical restrictions not to lift more than three pounds or use her right hand.  In light of those restrictions, defendant placed her at the front desk.  She was not given any other assignments.

Plaintiff followed up with Human Resources on her complaints about Anderson's harassing conduct.  She expressed concern about working on the same floor as Anderson.  As an accommodation, Chandler suggested defendant move an additional

---

1.   The EEOC issued plaintiff a "Right to Sue" letter on August 8, 2023.

employee to work on the same floor as plaintiff and Anderson.
Plaintiff responded that this would not likely be a satisfactory
solution but did not receive further response from Human
Resources.

Plaintiff resigned on September 6, 2022.  She
maintains that this resignation was a constructive discharge on
the basis of the discrimination she experienced.

She filed a second charge of discrimination on
November 7, 2022 with the EEOC and the PHRC alleging disability
discrimination and retaliation.[2]  Again, the charge is not
attached to the complaint or otherwise made a part of the
record.  Plaintiff filed this action within ninety days of her
right to sue letter for her first charge and filed her amended
complaint within ninety days of receipt of her right to sue
letter for her second charge.

III

Defendant has first moved to dismiss plaintiff's
complaint on the ground that it does not state a claim of
employment discrimination under Title VII (Count I) and the PHRA
(Count II).  Plaintiff avers that defendant violated these
statutes by discriminating against her based on her race and
religion.  The analysis under Title VII and the PHRA is the

---

2.   The EEOC issued plaintiff a "Right to Sue" letter on
December 15, 2023.

same.  See, e.g., Atkinson v. Lafayette Coll., 460 F.3d 447, 454

n.6 (3d Cir. 2006).

      To allege that defendant has violated Title VII,[3]

plaintiff's amended complaint must state a prima facie claim of

employment discrimination.

> To establish a prima facie case of
> employment discrimination on the basis of
> race, a plaintiff must show that (1) she is
> a member of a protected class; (2) she was
> qualified for the position; (3) she suffered
> an adverse employment action; and (4) the
> adverse employment action was made under
> circumstances that give rise to an inference
> of unlawful discrimination.

Twillie v. Erie Sch. Dist., 575 F. App'x 28, 31 (3d Cir. 2014)

(citing Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir.

2003) (per curiam)).  Defendant does not dispute that plaintiff

satisfies the first two prongs.

      Defendant maintains that plaintiff does not

sufficiently allege race discrimination.  While plaintiff avers

that she is African-American, there are no allegations tying any

adverse employment actions to her race.  Her conclusory

statement that such discrimination occurred is not sufficient.

For this reason, the motion to dismiss of defendant will be

---

3.   Defendant argues that plaintiff does not adequately allege
she experienced a hostile work environment based on race.  See,
e.g., Castleberry v. STI Grp., 863 F.3d 259, 263-64 (3d Cir.
2017).  Plaintiff, however, does not assert this claim and thus
she does not address it in her opposition.

granted as to plaintiff's claim under both Title VII and the

PHRA that it discriminated against her on the basis of her race.

Defendant also argues that plaintiff's complaint does

not state a claim that it failed to accommodate her religious

belief.  Employers must make reasonable accommodations with

respect to their employees' religious beliefs unless doing so

results in undue hardship.  Groff v. DeJoy, 600 U.S. 447, 453-54

(2023) (citing 42 U.S.C. § 2000e(j)).  "[A]n employer must show

that the burden of granting an accommodation would result in

substantial increased costs in relation to the conduct of its

particular business."  Id. at 470.  To aver that defendant

failed to accommodate plaintiff's religious beliefs, plaintiff

must allege "(1) she holds a sincere religious belief that

conflicts with a job requirement; (2) she informed her employer

of the conflict; and (3) she was disciplined for failing to

comply with the conflicting requirement."  Webb v. City of

Philadelphia, 562 F.3d 256, 259 (3d Cir. 2009).

Plaintiff plausibly alleges that she has a sincere

religious belief, that she informed defendant of her belief, and

that this belief conflicted with defendant's requirement to

provide a marriage certificate.  Defendant counters that

plaintiff has not plausibly alleged that she was discriminated

against for her failure to comply with its requirement to

produce a marriage certificate.  It posits that it would deny

any individual paid bereavement leave for his or her failure to

provide a marriage certificate regardless of his or her

religious beliefs.  This argument improperly attempts to rely on

facts outside what is articulated in the complaint.  At this

stage, plaintiff's allegations pass muster.

Defendant's motion to dismiss will be denied as to

plaintiff's claim of religious discrimination under Title VII

and the PHRA.

IV

Defendant argues that plaintiff has failed to state a

claim of disability discrimination or failure to accommodate her

disability under the ADA, 42 U.S.C. §§ 12101, et seq. (Count

III) and the PHRA, 43 Pa. Stat. §§ 951, et seq. (Count IV).[4]

Pennsylvania courts generally interpret the PHRA in accordance

with the ADA.  Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382

(3d Cir. 2002).  Such claims are cognizable as either a claim

that discrimination resulted in an adverse action or a claim

that plaintiff's employer failed to make reasonable

accommodations for her disability.  Haberle v. Troxell, 885 F.3d

170, 180 (3d Cir. 2018).

---

4.   Defendant identifies a potential claim of disability
discrimination for Anderson's failure to grant a reasonable
accommodation for plaintiff's therapy.  As she does not respond
to this argument, the court will deem plaintiff not to be
pursuing such a claim.

To state a claim of disability discrimination under the ADA, plaintiff must allege: (1) she is disabled under the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and (3) she suffered an adverse employment decision due to the discrimination.  See Shaner v. Synthes (USA), 204 F.3d 494, 500 (3d Cir. 2000).

Plaintiff identifies two adverse employment actions: first, that she was initially denied leave for her sprained wrist, and then, that the accommodation she was provided prevented her from working her normal job duties.  Failing to accommodate an employee's disability constitutes an adverse employment action.  Defendant's initial denial, drawing all reasonable inferences in the light most favorable to the plaintiff, is an adverse employment action.  Additionally, her reassignment to a less desirable position is properly alleged as an adverse employment action.  See, e.g., Torre v. Casio, Inc., 42 F.3d 825, 831 n.7 (3d Cir. 1994).  Defendant's motion to dismiss as to plaintiff's claim of disability discrimination under the ADA and the PHRA will be denied.

A plaintiff alleges a prima facie claim of an employer's failure to accommodate her disability when defendant

-10-

is an employer covered by the ADA,[5] plaintiff is disabled within
the meaning of the ADA, plaintiff can perform the essential
functions of the job with or without reasonable accommodation,
and the defendant knew of her disability and failed to provide
her with a reasonable accommodation. Ruggiero v. Mount Nittany
Med. Ctr., 736 F. App'x 35, 39 (3d Cir. 2018).  An employer will
usually need to initiate an interactive process with its
employee in order to determine what reasonable accommodation
should be provided.  Id.  Plaintiff's wrist injury is a
disability within the meaning of the ADA, and she alleges that
she can perform the essential functions of a family support
specialist with a reasonable accommodation.

Defendant maintains it engaged in an interactive
process with plaintiff and provided her with a reasonable
accommodation upon her return: working at the front desk.
Whether the accommodation that defendant provided was in fact
reasonable is a factual question that cannot be resolved here on
a motion to dismiss.  At this stage, plaintiff sufficiently
pleads that she was reassigned to a less favorable position
despite the fact that she could still complete her typical job
responsibilities.  Thus defendant's motion to dismiss the claim

---

5.   The definition of such an employer is based on number of
employees.  See 42 U.S.C. § 12111(5).

of its failure to accommodate plaintiff's disability will be
denied.

V

Finally, defendant argues that plaintiff's allegations
that it violated Title VII (Count V),[6] the ADA (Count VI), and
the PHRA (Count VII) by retaliating against her should be
dismissed for failure to state a claim.

To maintain a retaliation claim, a plaintiff must
first aver that she engaged in conduct protected by Title VII,
the ADA, or the PHRA.  Moore v. City of Philadelphia, 461 F.3d
331, 340-41 (3d Cir. 2006) (citing Slagle v. Cnty. of Clarion,
435 F.3d 262, 266 (3d Cir. 2006)).  Such conduct may either be
"participation," for example, the participation in the filing of
an EEOC or PHRA complaint, or "opposition," that is the
expression of opposition to a superior of conduct made unlawful
by the statutes.  Moore, 461 F.3d at 340-41.

First, plaintiff identifies as protected activities
her request for a religious accommodation in February 2022 and
her request for worker's compensation leave and for
accommodations in June 2022.  Because claims for religious and

---

6.    The heading of this count identifies it as a claim under
the "Americans with Disabilities Act of 1990, As Amended" but
then identifies a violation of Title VII in the body.  The court
construes this as a claim of retaliation under Title VII since
Count VI would otherwise be duplicative.

disability discrimination are premised on a failure to accommodate, defendant's alleged failures to accommodate are not separately cognizable as a claim for retaliation. Pagonakis v. Express LLC, 315 F. App'x 425, 431 (3d Cir. 2009).  Thus defendant's motion to dismiss will be granted to the extent that plaintiff's claim of retaliation is based on protected activity related to defendant's failure to accommodate either her religious beliefs or disability.

Plaintiff also alleges that she engaged in protected activities under Title VII and the PHRA by making her internal complaint on May 19, 2022 regarding Anderson's harassment.  She followed up with a further complaint in September 2022.  For her action to be protected, plaintiff must oppose conduct that is unlawful under these statutes or conduct that plaintiff had a good faith and objectively reasonable belief to be unlawful under these statutes.  See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001) (per curiam).  Even drawing all inferences in the light most favorable to plaintiff, she does not plausibly allege that she complained that Anderson's treatment of her was discriminatory under Title VII or the PHRA or that she had a reasonable good faith belief of the same.  She merely avers that she "made Defendant aware of the harassment she faced by Ms. Anderson[.]"  The complaint explains that this harassment constituted of criticism of plaintiff for reasons

-13-

unrelated to a protected characteristic, that is "giv[ing] Plaintiff a hard time about the way in which she conducted her job duties," and "ma[king] up false allegations about her work ethic."  Therefore, this internal complaint does not form the basis of a valid retaliation claim.

Finally, plaintiff alleges that her April 18, 2022 charge of discrimination, filed with the EEOC and PHRC, is protected conduct.  Filing a charge of discrimination with these groups is protected action under Title VII and the PHRA. Plaintiff must further allege that defendants took an adverse action against her and that the action was causally related to the protected conduct.  Moore, 461 F.3d at 340-41.  The adverse employment action plaintiff alleges is her constructive discharge on September 6, 2022.

Plaintiff pleads no causal relationship between her protected conduct and the adverse employment action.  To allege a causal relationship, plaintiff must allege either "unusually suggestive" temporal proximity or "otherwise nefarious" behavior in the intervening period.  See, e.g., Groeber v. Friedman & Schuman, P.C., 555 F. App'x 133, 136 (3d Cir. 2014) (citing Krouse v. Am. Sterilizer, Co., 126 F.3d 494, 503 (3d Cir. 1997)).  The April 18, 2022 charge is not temporally proximate to her constructive discharge approximately five months later. See, e.g., Petti v. Ocean Cnty. Bd. of Health, 831 F. App'x 59,

-15-

64 (3d Cir. 2020) (citing <u>Williams v. Phila. Hous. Auth. Police</u> <u>Dep't</u>, 380 F.3d 751, 760 (3d Cir. 2004)).  Neither does plaintiff allege a period of "nefarious" behavior.

For that reason, defendant's motion to dismiss will be granted as to plaintiff's claim of retaliation.